UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO JAVIER GONZALEZ<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 1:23-cv-00886-CDB (SS)<br><br>FIRST SCREENING ORDER DISMISSING PLAINTIFF'S SOCIAL SECURITY COMPLAINT WITH LEAVE TO FILE A FIRST AMENDED COMPLAINT<br><br>(Doc. 2) |

Plaintiff Francisco Javier Gonzalez ("Plaintiff") seeks judicial review of an administrative decision of the Commissioner of Social Security denying Plaintiff's claim for disability benefits under the Social Security Act. (Doc. 1). Pending before the Court is Plaintiff's application to proceed *in forma pauperis*. (Doc. 2). For the following reasons, the Court finds the complaint as currently pleaded was untimely filed and will grant leave to file an amended complaint.

**I.     Proceeding *in forma pauperis***

The Court may authorize the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assts such person…possesses (and) that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a).

Here, the Court reviewed the financial status affidavit (Doc. 2) and finds the requirements of 28 U.S.C. § 1915(a) are satisfied.

## II. Screening Requirement

When a party seeks to proceed *in forma pauperis*, the Court is required to review the complaint and shall dismiss the complaint, or portion thereof, if it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or…seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §§ 1915(b) & (e)(2). A plaintiff's claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## III. Pleading Standards

A complaint must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and…a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The purpose of the complaint is to give the defendant fair notice of the claims, and the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). As set forth by the Supreme Court, Rule 8:

> … does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (internal quotation marks and citations omitted). Vague and conclusory allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2 266, 268 (9th Cir. 1982). The *Iqbal* Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of "entitlement to relief."

*Iqbal*, 556 U.S. at 678. When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal conclusions are not entitled to the same assumption of truth. *Id*. The Court may grant leave to amend a complaint to the extent deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

### IV. Discussion and Analysis

The Court may have jurisdiction pursuant to 42 U.S.C. § 405(g), which provides:

> Any individual after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of such decision or within such further time as the Commissioner may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides or has his principal place of business…The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

*Id*. Except as provided by statute, "[n]o findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency." 42 U.S.C. § 405(h).

Section 405(g) and (h) operate as statute of limitations setting the period in which a claimant may appeal a final decision of the Commissioner. *Bowen v. City of New York*, 476 U.S. 467, 479 (1986). *Accord Vernon v. Heckler*, 811 F.2d 1274, 1277 (9th Cir. 1987) (noting that the 60-day limit in § 405(g) "constitutes a statute of limitations"). As the time limit set forth in 42 U.S.C. § 405(g) is a condition on the waiver of sovereign immunity, it must be strictly construed. *Bowen*, 476 U.S. at 479. "The limitations to final decisions and to a sixty-day filing period serve to compress the time for judicial review and to limit judicial review to the original decision denying benefits, thereby forestalling repetitive or belated litigation of stale eligibility claims." *Anderson v. Astrue*, No. 1:08-cv-00033-SMS, 2008 WL 4506606, *3 (E.D. Cal. Oct. 7, 2008) (citing *Banta v. Sullivan*, 925 F.2d 343, 345-46 (9th Cir. 1991)).

In this case, Plaintiff reports the Appeals Council issued a notice denying a request for review of the decision on July 14, 2022. (Doc. 1 at 3). Plaintiff had sixty days from the date he had received the Appeals Council's decision to file a civil action. 42 U.S.C. § 405(g). Plaintiff

claims on May 19, 2023, past the applicable statute of limitations period, the Appeals Council granted her an extension of time, for additional 30 days, plus five (5) days for delivery by mail, to file a civil action. (Doc. 1 at 3). An extension of the sixty-day filing deadline may be granted by the Commissioner where a request is made to the Appeals Council in writing and with a showing that a claimant has good cause for missing the deadline. 20 C.F.R. § 404.982.

The Appeals Council's grant of an extension fell outside of the applicable statute of limitations period. Some district courts have found that it is appropriate to apply the doctrine of equitable tolling for purposes of screening the complaint when a request for an extension of time was made within the sixty-day time and the Appeals Council delayed action. *E.g.*, *Olvera v. Colvin*, No. 1:13-cv-00515-JLT, 2013 WL 2100567, *2 (E.D. Cal. May 14, 2013); *Walsh v. Colvin*, No. 1:13-cv-00991-JLT, 2013 WL 3936905, *2 (E.D. Cal. July 30, 2013); *Aschettino v. Sullivan*, 724 F. Supp. 1116, 1117-18 (W.D.N.Y. 1989). Others have found that a pending request before the Appeals Council does not suffice to toll the sixty-day period. *Small v. Colvin*, No. 1:14-cv-67-BAM, 2015 WL 237115, *3-4 (E.D. Cal. Jan. 16, 2015); *Haseeb v. Colvin*, No. 3:15-cv-03931-LB, 2015 WL 9258086, *4-6 (N.D. Cal. Dec. 18, 2015), *aff'd. sub nom. Haseeb v. Berryhill*, 691 Fed. Appx. 391 (9th Cir. 2017).

Here, Plaintiff's Social Security Complaint does not specify the date an extension was requested and what good cause, if any, Plaintiff had in delaying her filing of this civil action. Thus, it is unclear if equitable tolling should be applied.

## V. **Conclusion and Order**

For the reasons set forth above, Plaintiff's Social Security Complaint fails to show it was timely filed. Accordingly, Plaintiff shall be provided an opportunity to file an Amended Social Security Complaint. Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's Social Security Complaint (Doc. 1) is DISMISSED WITHOUT PREJUDICE as untimely; and

///

///

///

2. Plaintiff is GRANTED thirty days from the date of this order to file a First Amended Complaint to cure the deficiencies set forth in this Order.

IT IS SO ORDERED.

Dated: **June 13, 2023**

UNITED STATES MAGISTRATE JUDGE