UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO JAVIER GONZALEZ,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 1:23-cv-00886-CDB (SS)<br><br>ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND DIRECTING CLERK OF COURT TO ISSUE SUMMONS, SCHEUDLING ORDER, AND CONSENT OR REQUEST FOR REASSINGMENT DOCUMENTS<br><br>(Docs. 2-4) |

Plaintiff Francisco Javier Gonzalez ("Plaintiff") seeks judicial review of an administrative decision of the Commissioner of Social Security denying Petitioner's claim for disability benefits under the Social Security Act. (Doc. 1). On June 9, 2023, Plaintiff filed a motion to proceed *in forma pauperis* ("IFP"). (Doc. 2). On June 13, 2023, the Court issued a screening order dismissing Plaintiff's complaint as the complaint did not specify the date an extension to the Appeals Council was requested and what good, cause if any, Plaintiff had in delaying his filing of this civil action. (Doc. 3).

On July 13, 2022, Plaintiff filed a first amended complaint. (Doc. 4). Pursuant to 28 U.S.C. §§ 1915, the Court shall screen the first amended complaint.

///

1

1    Plaintiff seeks review of a decision by the Commissioner of Social Security denying
2 disability benefits. The Court may have jurisdiction pursuant to 42 U.S.C. § 405(g), which
3 provides:

> Any individual after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of such decision or within such further time as the Commissioner may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides or has his principal place of business…The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

*Id*. Except as provided by statute, "[n]o findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency." 42 U.S.C. § 405(h).

Plaintiff's first amended complaint asserts the Appeals Council issued a decision denying Plaintiff's claim on July 14, 2022. (Doc. 4 at ¶ 12). On July 27, 2022, Plaintiff alleges his counsel requested an extension of time for Plaintiff to file a civil action appealing the unfavorable decision. *Id*. at ¶ 13. Plaintiff notes his counsel requested confirmation of his extension request on February 8, 2023, and April 13, 2023, but received no response. *Id*. On May 19, 2023, the Appeals Council granted Plaintiff's request for an extension of time to file a civil action through June 23, 2023. *Id*.

Petitioner filed an extension of time to the Appeals Council within the sixty-day period set by 42 U.S.C. § 405(g). Accordingly, the Court finds the applicable statue of limitations was properly tolled. *See e.g., Olvera v. Colvin*, No. 1:13-cv-00515-JLT, 2013 WL 2100567, *2 (E.D. Cal. May 14, 2013). Further, Plaintiff's amended complaint notes he resides in Fresno County, California. (Doc. 4 at ¶ 1). Therefore, the Court has jurisdiction over this action.

Plaintiff's first amended complaint states a cognizable claim for review of the administrative decision denying Social Security benefits. ACCORDINGLY, IT IS HEREBY ORDERED that Petitioner's motion to proceed IFP (Doc. 2) is GRANTED. The Clerk of Court is directed to issue the following: 1) a Summons; 2) the Scheduling Order; 3) the Order re Consent or Request for Reassignment; and 4) a Consent to Assignment or Request for

Reassignment form.

IT IS SO ORDERED.

Dated: **September 8, 2023**

_____
UNITED STATES MAGISTRATE JUDGE